Dowlearn v. SOT



NUMBER 13-00-580-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


RICK PAUL DOWLEARN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of DeWitt County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


A jury found appellant, Rick Paul Dowlearn, guilty of the offense of robbery and assessed his punishment at ninety-nine
years imprisonment and a $10,000 fine. In a single issue, appellant contends the trial court erred by denying his motion to
suppress the in-court identification of several witnesses. We affirm.

1. Background

On January 20, 2000, Nadir and Mumtaz Ali were operating the Get-N-Go convenience store in DeWitt County, Texas. A
customer, Mary Ann Gawlick, pulled up to the convenience store and noticed a suspicious looking man leaning against the
outside wall of the store. The man looked at her and made eye contact. She entered the store, bought her items, and then
drove away. Another customer, Mark White, turned and looked at appellant as he stood outside the building. Appellant
entered the store and asked Nadir for a case of beer. While Nadir went to the cooler to obtain the beer, appellant pointed a
gun at Mumtaz and demanded that she give him the money in the cash register. Mumtaz complied and appellant left.

The police prepared a computer-generated video-photo spread. Each witness was asked to attempt to identify the
individual who was seen on the premises on the day of the robbery and who was believed to have perpetrated the crime.
While Mumtaz was emotionally unable to look at the video-photo spread, Nadir quickly identified appellant as the person
who committed the robbery. Mary Ann Gawlick was able to identify appellant as the suspicious looking male she saw
leaning against the wall of the store. Mark White, on the other hand, was unable to identify anyone in the video-photo
spread. At trial, however, each witness identified appellant as the robber. 

2. Standard of Review

In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to
the trial court's ruling. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The long-standing rule is that
"appellate courts should show utmost deference to a trial court's findings of fact especially when those findings are based
on an evaluation of credibility and demeanor." Id. In Guzman, the court also stated "trial courts have broad discretion in
their evidentiary rulings and . . . are usually in the best position to make the call on whether certain evidence should be
admitted or excluded." Id. Thus, on appeal, an appellate court must decide whether the record supports the ruling made by
the trial court. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). "An appellate court must sustain the trial
court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." Id. 

An appellant who complains of an in-court identification bears a difficult and heavy burden. Loving v. State, 947 S.W.2d
615, 617 (Tex. App.-Austin 1997, no pet.). The appellant must show by clear and convincing evidence that the in-court
identification of the defendant was tainted by improper pretrial identification procedures; otherwise, the in-court
identification is always admissible. Jackson v. State, 628 S.W.2d 446, 448 (Tex. Crim. App. 1982). We apply a two-step
analysis in determining the admissibility of a challenged in-court identification. Simmons v. United States, 390 U.S. 377,
383-84 (1968). First, the pre-trial procedure must be impermissibly suggestive; and second, the impermissibly suggestive
procedure must give rise to a "very substantial likelihood of irreparable misidentification." Id. When analyzing these steps,
we consider the totality of the circumstances and assess the reliability of the in-court identification. Neil v. Biggers, 409
U.S. 188, 199 (1972); Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App. 1995); Cantu v. State, 738 S.W.2d 249, 251
(Tex. Crim. App. 1987). "If the totality of circumstances reveals no substantial likelihood of misidentification despite a
suggestive pretrial procedure, subsequent identification testimony will be deemed reliable, 'reliability being the linchpin in
determining the admissibility of identification testimony.'" Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App.
1988);Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Jackson v. State, 657 S.W.2d 123, 130 (Tex. Crim. App. 1983).

A defendant must show by clear and convincing evidence that the identification was so tainted as to give rise to a very
substantial likelihood of irreparable misidentification. Munguia v. State, 911 S.W.2d 164, 168 (Tex. App.-Corpus Christi
1995, no pet.) (citing Madden v. State, 799 S.W.2d 683, 695 (Tex. Crim. App. 1990)). When an appellant contends the
trial court erred in allowing the in-court identification, he carries a heavy and difficult burden. Even if impermissibly
suggestive procedures were employed during the pre-trial identification, "a subsequent in-court identification may
nonetheless be permitted if the State demonstrates by clear and convincing evidence at the trial level that the pre-trial
procedure did not taint the in-court identification and that the testimony was the product of an independent source, namely
the observations made at the time of the offense." Ford v. State, 794 S.W.2d 863, 866 (Tex. App.-El Paso 1990, pet. ref'd);
Jackson, 657 S.W.2d at 130. Where the State shows an independent origin for the in-court identification, an impermissible
pre-trial procedure does not create a "very substantial likelihood of irreparable misidentification." Herrera v. State, 682
S.W.2d 313, 318 (Tex. Crim. App. 1985); Ford, 794 S.W.2d at 866.

The factors to be considered in determining the origin of the in-court identification include: (1) the prior opportunity to
observe the alleged criminal act; (2) the existence of any discrepancy between any pre-lineup description and the
defendant's actual description; (3) any identification of another person prior to the lineup; (4) the prior identification of the
defendant by the witness prior to the lineup; (5) failure to identify the defendant on a prior occasion; and (6) the lapse of
time between the alleged act and the lineup identification. Neil, 409 U.S. at 199. The court of criminal appeals has
repeatedly stated that if the totality of circumstances reveals no substantial likelihood of misidentification, despite the
suggestive identification procedure, the identification testimony will be deemed reliable, and therefore admissible. Delk v.
State, 855 S.W.2d 700, 706 (Tex. Crim. App. 1993); Madden, 799 S.W.2d at 695; Cantu, 738 S.W.2d at 252.

3. Photographic Identification

Appellant contends the video-photo spread prepared by the police was suggestive because it contained persons of varying
height, build, hair, eye color, hair length, and age. Appellant asserts that some of the men in the line-up lacked facial hair,
while others were wearing eyeglasses. He claims there was a substantial variation of skin tones among the men
photographed, varying from a bright red tone to an almost uniformly white tone.

After reviewing the video-photo spread, we conclude the trial court did not err in allowing the witnesses' identification
testimony to be presented to the jury. While it is better to use photographs which portray persons whose every feature
match, neither due process of law nor common sense requires such procedure. Ward v. State, 474 S.W.2d 471, 476 (Tex.
Crim App. 1971); Mayfield v. State, 803 S.W.2d 859, 867 (Tex. App.-Corpus Christi 1991, no pet.). Each witness
described the robber as a slender white male in his late thirties, approximately five feet five inches to six feet two inches
tall. Each witness said the person they saw had some variation of reddish hair and was wearing a dark cowboy hat. Two
witnesses described him as having some sort of facial hair. The video-photo spread contained photographs of
similar-looking white males. The spread depicted men of about the same age, skin tone, hair length, and varying degrees of
facial hair growth. Obviously, photographs of six different persons will have some distinctions, but a photo spread is not
improperly suggestive merely because each photograph can be distinguished in some manner from the photograph of the
defendant.

Similarly, there were slight differences in the photographs' background colors and degrees of brightness, but these
differences were insignificant. Doescher v. State, 578 S.W.2d 385, 387 (Tex. Crim. App. 1978). Appellant's photograph,
in fact, had a background similar to that of three out of five other photograph backgrounds and was by no means
suggestive.

Appellant also complains that the photo spread was suggestive because only he and one other individual were wearing a
different colored shirt. However, each of the identifying witnesses stated that their identification of appellant in the
video-photo spread was based upon their observations of him on the day of the robbery. See Bethune v. State, 821 S.W.2d
222, 228-29 (Tex. App.-Houston[14th Dist.] 1991), aff'd, 828 S.W.2d 14 (Tex. Crim. App. 1992) (per curiam) (witness
testified identification of defendant was based upon recognition of distinct facial characteristics where defendant was the
only subject with a particular shirt with a distinct collar and design). 

4. In-Court Identification

All of the witnesses identified appellant in open court as the person who robbed the Get-N-Go convenience store. We are
persuaded by the holding in Jackson that it is unlikely an impermissibly suggestive pre-trial identification procedure will
taint an in-court identification when, as here, the witnesses in question confidently affirm that their identification of
appellant as the assailant is based upon their recollection of the events witnessed by them and not upon any pre-trial
identification procedures in question. Jackson, 657 S.W.2d at 130.

Thus, we conclude the in-court identification of appellant was not tainted by any pre-trial identification procedure. We
hold the trial court did not err in allowing the witnesses to identify appellant in open court. Appellant's sole point of error
is overruled.

The judgment of the trial court is affirmed.


FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.